Larry Kendall **DOUB, Appellant,**

v.

Edward J. **DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 89–54.

United States Court of Veterans Appeals.

Submitted March 16, 1990.

Decided May 23, 1990.

As Amended Oct. 3, 1991.

**18**

Ralph F. Simpson and Joseph I. Carter, Tiftin, Ga., for appellant.

Deborah W. Duckett, with Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, Acting Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Larry Kendall Doub, has noted an appeal from the Board of Veterans' Appeals' (BVA) denial of his claim for an increased disability rating relating to post-traumatic stress disorder (PTSD). We dismiss for lack of jurisdiction.

On June 3, 1988, appellant filed his Notice of Disagreement (NOD) with the decision of the Department of Veterans Affairs Regional Office regarding his disability rating for PTSD. Appellant, aware of the statutory restriction limiting this Court's review of BVA decisions to cases in which the NOD was filed on or after November 18, 1988, urges this Court to accept jurisdiction because he could have timely filed his NOD on or after November 18, 1988. *See* Veterans' Judicial Review Act, Pub. L.No. 100–687, § 402, 1988 U.S.Code Cong. & Admin.News (102 Stat.) 4105, 4122 [hereinafter the Act].

The agency of original jurisdiction decided appellant's claim on April 29, 1988. Appellant had until one year from that date to file his NOD. 38 U.S.C.A. § 4001(b)(1) (West Supp.1989). Under these circumstances, appellant could have filed his NOD after November 18, 1988, which would have qualified his appeal for review in this Court. However, not knowing of the impending legislation that would later create the U.S. Court of Veterans Appeals, appellant filed his NOD on June 3, 1988, only 35 days after the decision.

On November 18, 1988, Congress enacted legislation creating the U.S. Court of Veterans Appeals. *See* Veterans' Judicial Review Act. In defining the jurisdiction of the Court, Congress provided that the Act "shall apply with respect to any case in which a notice of disagreement is filed ... *on or after the date of the enactment of this Act* [November 18, 1988]." *Id.* at § 402 (emphasis added). Appellant asserts that it would be contrary to the intent of Congress in creating this Court and thwart the administration of justice to dismiss his appeal on jurisdictional grounds.

In choosing the Court's jurisdictional limits, Congress, having previously enacted the one-year period for filing a NOD, was aware that there would be those in appellant's position who had previously filed their NODs but who could have delayed and been within the Court's jurisdictional limits. In this context we note that this Court has previously held that its jurisdictional limits are not subject to equitable or flexible extensions. *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990). "[C]ourts may not in any case, even in the interest of justice, extend their jurisdiction where none exists." *Id.* citing *Christianson v. Colt Industries Operating Co.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988). Accordingly, we hold the statu-

tory language of the Act creates an inflexible barrier to the Court's jurisdiction to which neither the Constitution nor precedent allow exception, including a NOD, which as it turns out, if delayed, would have vested the Court with jurisdiction.

Accordingly, the appeal is dismissed for lack of jurisdiction.