**Norman B. CALVERT, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1679.**

United States Court of Veterans Appeals.

Sept. 10, 1993.

Frank E. Allen, Howard Beach, NY, for appellant.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

### ORDER

PER CURIAM.

On February 4, 1992, the Court dismissed the appeal in this case for failure to file a timely Notice of Appeal (NOA), but a subsequent review of the Court's files disclosed correspondence from appellant that met the requirements for an NOA as delineated in Rule 3(c) of this Court's Rules of Practice and Procedure. Thus, on February 23, 1993, the Court ordered that the appeal in this case be reinstated.

A review of the preliminary record at that time revealed that appellant had filed a Notice of Disagreement (NOD) on January 24, 1988, with a June 15, 1987, Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) rating decision which denied appellant's claims for increased disability ratings for residuals of his service-connected fractured right humerus and fractured right radius and ulna and which confirmed an earlier decision, dated April 7, 1987, denying his claim for service connection for a

nervous condition. Preliminary Record (Prelim.R.) at 89; Supplemental Preliminary Record (S.Prelim.R.) at 3–4. A Statement of the Case (SOC) was issued in March 1988. Prelim.R. at 90–93. On his VA Form 1–9 substantive appeal, dated April 8, 1988, appellant raised for the first time the issue of post-traumatic stress disorder (PTSD) (Prelim.R. at 94–96, 102), and the Board of Veterans' Appeals (BVA or Board), upon the request of appellant's representative, returned his file to the RO in May 1989 for "further development" of this claim. Prelim.R. at 104.

On July 18, 1990, the RO issued a rating decision on appeal, denying appellant's claim for PTSD or bipolar disorder and continuing the denial of the claims for increased ratings for residuals of the fractured right humerus and of the fractured right radius and ulna. Prelim.R. at 113–15. The record contains a supplemental SOC (SSOC), dated July 25, 1990. Prelim.R. at 116–19. The record also shows that the VA received correspondence from appellant dated August 2, 1990, and August 13, 1990. In the earlier correspondence, appellant stated, "PTSD, I believe, requires combat—I was in support, and therefore may not qualify for PTSD. My claim is for stress and depression with psychiatric complications." Prelim.R. at 123. In the latter correspondence, which was written on a VA Form 1–9, appellant states, "I request that a compensable rating be assigned for my service related nervous condition/PTSD." Prelim.R. at 120. On May 17, 1991, the BVA denied his claims for increased ratings for residuals of fractures to his right humerus and his right radius and ulna, and the Board also denied his claim for "a psychiatric disability" without mentioning PTSD in its decision.

On February 23, 1993, this Court ordered that appellant's appeal of those portions of the May 17, 1991, BVA decision that denied his claims for increased ratings for residuals of his service-connected fractured right humerus and his service-connected fractured right radius and ulna be dismissed for lack of jurisdiction because the January 29, 1988, NOD filed with respect to those claims did not meet the jurisdictional prerequisite that an appellant seeking review of a adverse BVA decision in this Court must have filed a valid NOD on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)). The Court further ordered that appellant's appeal of that portion of the BVA decision that denied his claim for service connection for a psychiatric disability be held in abeyance pending the Court's decision in the consolidated cases of *Hamilton v. Brown*, No. 90–470, *Contreras v. Brown*, No. 91–990, and *Powell v. Brown*, No. 91–998.

The Court in these consolidated cases held that there can be only one valid NOD as to a particular claim until a final RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant. *Hamilton v. Brown*, 4 Vet.App. 528, 538 (1993). Where the BVA remands to an RO for further development and readjudication a claim previously decided by the RO and properly appealed to the BVA, an expression of disagreement with a subsequent RO readjudication on remand cannot be an NOD. *Id.*; see 38 C.F.R. § 20.1100(b) (1992). However, "where the BVA remands to an RO for development and adjudication a claim not decided by the RO (and as to which no NOD has ever been filed, and which thus is not an appealed claim) and the claimant files a timely expression of disagreement with the RO, that expression is an NOD as to that claim...." *Id.* at 538–39.

The issue presented by this case is whether the Board's remand to the RO as to the PTSD claim was a remand "for further development and readjudication [of] a claim previously decided by the RO and properly appealed to the BVA," i.e., the claim for a nervous condition, or whether the remand constituted a remand for "development and adjudication [of] a claim not decided by the RO." *Id.* It appears from the preliminary record that the VA and BVA considered the claim for the specific psychological disorder "PTSD" as a part of the claim more generally described as a "nervous condition" rather than regarding the PTSD claim as a new claim.

Under the general rubric of "nervous condition," the RO considered service connection for such psychiatric disorders as bipolar disorder, depressive reaction, and PTSD. S.Prelim.R. at 5–7. On the July 18, 1990, RO rating decision document, the rating board noted:

No change warranted in prior denial of [service connection] for a nervous condition. The veteran's current nervous condition diagnosed a bipolar disorder was not incurred in or aggravated by service or manifested to a degree of 10% or more within one year following separation from service. S[ervice connection] for PTSD is denied because a PTSD is not shown by the evidence of record.

S.Prelim.R. at 6–7. After the rating decision was rendered, the July 1990 SSOC characterized the psychological issue generally as "[s]ervice connection for a nervous condition." Prelim.R. at 116.

Thus, a review of the preliminary record reflects that the NOD which initiated the appeal process to the BVA on the claim for service connection for a psychiatric disability was the NOD filed on January 29, 1988. Because appellant's NOD was filed before November 18, 1988, it cannot confer jurisdiction upon this Court. *See* 38 U.S.C.A. § 7251 note (West 1991).

Upon consideration of the foregoing, it is

ORDERED, sua sponte, that this appeal is dismissed for lack of jurisdiction.