**Burnett M. FRAZER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–754.

United States Court of Veterans Appeals.

Nov. 5, 1993.

Burnett M. Frazer, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

FARLEY, Judge:

This is an appeal from a March 15, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection on a secondary basis for a left leg disability, a left hip disorder, and a low back disorder; and which denied an increased evaluation for, and an effective date earlier than December 12, 1985, for, removal of semilunar cartilage of the left knee, currently evaluated as 30% disabling. A timely appeal to this Court followed. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

On April 1, 1992, appellant filed a brief and a motion to supplement the record on appeal. On July 17, 1992, the Secretary filed a motion to remand that portion of the Board's decision concerning appellant's claims for service connection on a secondary basis for a left leg disability, a left hip disorder, and a low back disorder; to summarily affirm that portion of the Board's decision denying an earlier effective date and an increased rating for appellant's left knee disorder; to strike the exhibits to appellant's brief; and to stay further proceedings in this appeal pending the Court's resolution of the motion. As a basis for the partial remand on the issues related to secondary service connection, the Secretary requested that the BVA be afforded the opportunity to develop more fully the medical evidence in this case, to include (1) conducting a Department of Veterans Affairs (formerly Veterans' Administration) (VA) examination with a diagnosis addressing the etiological relationship, if any, between appellant's service-connected left knee disability and his left leg, left hip, and low back disorders for which service connection on a secondary basis is being sought, and (2) providing a more detailed discussion of the evidence submitted by appellant in support of his claims related to secondary service connection, to include an expedited analysis reconciling the medical evidence supporting appellant's claims with the conflicting evidence of record. On November 25, 1992, appellant filed a response to the Secretary's motion for remand. Appellant did not oppose that portion of the Secretary's motion seeking a remand of the issues concerning secondary service connection for appellant's left leg, left hip, and low back disorders, but did oppose that portion of the Secretary's motion seeking summary affirmance of the Board's decision with respect to the denial of an increased evaluation and an earlier effective date for appellant's left knee disorder. Further, appellant noted that his partial consent to the Secretary's motion was expressly conditioned on expedition in readjudicating the claim, following further development as set forth in the Secretary's motion for remand,

and on the consideration, during such readjudication, of all of the medical evidence provided by VA doctors Worrell, Richardson, Bagg, and Leamon, as previously submitted in appellant's prior motions and briefs.

Thereafter, upon reviewing the record on appeal, the Court, sua sponte, raised questions concerning whether appellant had filed a valid jurisdiction-conferring Notice of Disagreement (NOD) with respect to each of his claims on appeal to the Court. Accordingly, on May 24, 1993, the Court ordered both parties, within 30 days, to file with the Court a brief on the issue of whether, under this Court's decision in *Hamilton v. Brown*, 4 Vet.App. 528 (1993) (en banc), the Court has jurisdiction over the claims on appeal. After both parties received extensions of time to file their briefs, the Secretary and appellant filed their briefs on July 23, 1993, and September 23, 1993, respectively. On October 12, 1993, appellant filed a supplement to his September 1993 brief. The appeal is now ripe for adjudication. For the reasons set forth below, the appeal will be dismissed for lack of jurisdiction.

The record indicates that in a rating action dated September 1987, the VA Regional Office (RO) increased appellant's rating for a service-connected left knee disability from 20% to 30%, with an effective date of December 12, 1985. R. at 143–44. In November 1987, the RO received from appellant a letter expressing disagreement with its September 1987 decision; in the letter, appellant contended that he was entitled to an evaluation higher than 30% for his service-connected left knee disorder and that he was entitled to an effective date of December 1982 for the increased rating. R. at 145–47. In the November 1987 letter, appellant also claimed that he was experiencing disabilities of the left leg, left hip, and low back, secondary to his service-connected left knee disability. R. at 146. Appellant noted that "[t]his data is enclosed herein as part of my appeal, which I certainly wish to continue." *Id.* In a rating decision dated December 1987, the RO denied an increased rating for appellant's service-connected left knee disorder, denied an earlier effective date for his left knee disorder, and denied secondary service connection

for appellant's left leg, left hip, and low back disabilities. R. at 177.

Shortly thereafter, in December 1987, the RO issued to appellant a Supplemental Statement of the Case (SSOC) which informed him, inter alia, that he would be provided with the opportunity to comment on the additional information contained therein, that his records would be placed on the docket of the BVA, and that such docketing would take place if no response was received from him within 30 days, provided that he had timely filed a substantive appeal. R. at 176. On March 4, 1988, the RO issued a rating decision on appeal. R. at 185. The rating decision instructed that the appeal had been taken from rating decisions dated November 4, 1986, September 8, 1987, and December 4, 1987, and that the appeal was related to (1) service connection for left knee, (2) service connection for left leg, (3) service connection for left hip, (4) service connection for low back, (5) service connection for right elbow, and (6) earlier effective date. R. at 185. (Appellant's claim for secondary service connection for a right elbow disorder is not currently before this Court for review.)

On March 22, 1988, the RO received a VA Form 1–646 (STATEMENT OF AN ACCREDITED REPRESENTATIVE IN APPEALED CASE) on behalf of appellant. R. at 186. The representative stated:

> We have reviewed the evidence of record and we are of the opinion that the veteran has adequately stated his contentions with respect to the issue certified for appellate review.

> We rest assured that the Board will render a decision which presents sound rating and medical principles consistent with the administration policy of liberal interpretation and application of existing laws and regulations.

> At the very least, we urge that the final appellate decision be one which has been given careful consideration to the evidence of record and we would further request that all reasonable doubt associated with your review be resolved in favor of the veteran.

R. at 186. In a decision dated March 1989, the BVA denied each of appellant's claims. R. at 187–200.

Appellant underwent a VA examination in April 1989. R. at 205–10. In a rating decision dated June 1989, the RO again denied each of appellant's claims. R. at 211. In a letter to the RO dated July 1989, appellant referred to the June 1989 decision and inquired as to the status of his appeal before the BVA. He specifically requested the RO to "[p]lease continue his appeal." R. at 214. The July 1989 letter to the RO bears a stamp reading "Notice of Disagreement." *Id.* In a rating decision dated October 1989, the RO noted that the July 1989 correspondence could not function as an NOD since the case already was under consideration by the BVA and no further action could be taken on the NOD. R. at 216.

In a letter dated December 1989, the Chairman of the BVA wrote to the RO and noted that, because appellant had requested a personal hearing and such a hearing had not been conducted prior to the BVA's March 1989 decision, the veteran's due process rights had been violated. R. at 217. The Chairman requested that the RO schedule appellant for a hearing as soon as possible. *Id.* On March 15, 1990, appellant testified at a personal hearing. R. at 219. On September 20, 1990, the BVA vacated its earlier decision based on its failure to properly schedule appellant for a personal hearing prior to its March 1989 decision. R. at 257–59; *see* 38 C.F.R. § 20.904(a)(3) (1992) (authorizing the BVA, upon its own motion, to vacate one of its decisions based on a denial of due process, including a prejudicial failure to afford appellant a personal hearing, but noting that where a hearing is subsequently scheduled and appellant fails to appear, the decision will not be vacated). On March 15, 1991, the BVA rendered its decision currently on appeal to this Court. *Burnett M. Frazer,* BVA ___ (Mar. 15, 1991).

 This Court's jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800,

818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2 (1990). A prerequisite for the Court to have jurisdiction over an appeal is that appellant must have filed a valid NOD on or after November 18, 1988. Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)); *see also Hamilton,* 4 Vet.App. at 530–31. An NOD is defined by VA regulations as "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction [AOJ] and a desire to contest the result." 38 C.F.R. § 20.201 (1992). In *Hamilton,* this Court noted:

> The NOD referred to in VJRA § 402 is one "filed under section 4005 (now 38 U.S.C.A. § 7105) of title 38, United States Code." The purpose of the NOD, to which VJRA § 402 refers as one "filed under section [7105]", is to "initiate" BVA "appellate review" by letting VA know, within one year from the date of VA's "mailing of notice of the result of initial review or determination (by the AOJ)", of the intent to appeal to the BVA. 38 U.S.C.A. § 7105(a), (b) (West 1991). Thus, the NOD is to obtaining BVA review what a Notice of Appeal (NOA) under 38 U.S.C.A. § 7266(a) (West 1991) is to obtaining review in this Court....

*Id.* 4 Vet.App. at 535–36.

In its earlier decision in *Whitt v. Derwinski,* this Court rejected the Secretary's argument that the only valid NOD is the first NOD filed in response to the first adjudication by the AOJ. 1 Vet.App. 40 (1990), *vacated,* 979 F.2d 215 (Fed.Cir.1992) (single-judge order), *appeal dismissed,* 3 Vet.App. 258 (1992) (single-judge order). The Court held that "there can be more than one NOD filed under certain circumstances with respect to the same claim," and that "any NOD which meets the requirements of [38 C.F.R. § 19.118 (1991) (replaced by 38 C.F.R. § 20.-201 (1992)) ] is valid for purposes of conferring jurisdiction." *Whitt,* 1 Vet.App. at 42–43. This Court's recent decision in *Hamil-*

*ton* overruled the decision in *Whitt* by holding that "[t]here can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton*, 4 Vet.App. at 538. *But see Hamilton*, 4 Vet.App. at 546–48 (Farley, J., dissenting).

Here, as noted above, the record indicates that in November 1987 (i.e., before November 18, 1988) appellant filed an NOD with the RO adjudication of his claims for entitlement to an increased rating and to an earlier effective date for his service-connected left knee disorder. R. at 145–47. Under *Hamilton*, those two claims already had been placed in an "appellate" status by the November 1987 NOD. *Hamilton*, 4 Vet.App. at 541. Similarly, with respect to appellant's claims for service connection for a left leg, low back, and left hip disorders, secondary to his service-connected left knee disorder, it is clear that these claims also were already in appellate status at the time the VA provided appellant with an SSOC in December 1987. *Id.*

Appellant asserts that the Court has jurisdiction over his appeal because the BVA denied his claims in March 1989 and, subsequent to that decision, he filed an NOD in July 1989 in response to an RO's June 1989 denial of his claims. Appellant's argument fails to take into account that when the BVA, in September 1990, vacated its earlier March 1989 decision based on the failure to comply with due process requirements, *see* 38 C.F.R. § 20.904(a)(3), it restored to appellate status each of appellant's claims which previously had been denied in that earlier decision. Under *Hamilton*, once the March 1989 BVA decision was vacated, the July 1989 NOD could no longer be deemed a valid NOD for purposes of conferring jurisdiction on this Court. *Hamilton*, 4 Vet.App. at 538 ("There can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant."). Therefore, until there was a *final* RO or BVA decision on

appellant's claims, i.e., the BVA's March 1991 decision, "there was no function that a new NOD [here, the July 1989 NOD] could have performed in VA's adjudication process, and, consequently, a VJRA § 402 NOD could not have been filed insofar as this Court's jurisdiction is concerned." *Id.* at 541.

Indeed, in his brief, appellant concedes that his appeal of the issues currently raised before this Court was pending before the BVA before the November 18, 1988, jurisdictional deadline. *See* Appellant's Br. in Response to Court Order of July 26, 1993, at 3. Appellant, however, requests this Court to provide equitable relief. Despite appellant's well-articulated argument, the Court is precluded from awarding appellant the equitable relief he requests as "its jurisdictional limits are not subject to equitable or flexible extensions." *Doub v. Derwinski*, 1 Vet.App. 17, 18 (1990) (citing *Skinner v. Derwinski*, 1 Vet. App. 2, 3 (1990)).

Accordingly, the appeal is dismissed for lack of jurisdiction and all pending motions by appellant and the Secretary are denied as moot.