Jerome J. NACOSTE, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–1138.

United States Court of Veterans Appeals.

May 20, 1994.

David B. Wiles, Portland, OR, was on the pleadings, for appellant.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Judges.

NEBEKER, Chief Judge:

Appellant, Jerome J. Nacoste, appeals from a July 16, 1992, Board of Veterans' Appeals (BVA or Board) decision which (1) found that a July 1980 BVA decision denying service connection for a psychiatric condition did not constitute clear and unmistakable error (CUE) and (2) found that no new and material evidence had been submitted to reopen his claim for service connection for anxiety with depression. The Secretary filed a motion for summary affirmance, in part, and for remand, in part, of the BVA decision. Appellant responded to the Secretary's motion. This Court then issued an order to appellant to show cause as to why this case should not be dismissed for lack of jurisdiction. Appellant filed a timely response. The Court issued a subsequent order directing appellant to show cause as to why the appeal should not be dismissed for lack of jurisdiction in light of *Hamilton v. Brown,* 4 Vet. App. 528 (1993). Appellant again filed a timely response. For the following reasons, the Court dismisses this appeal for lack of jurisdiction.

Appellant served on active duty in the U.S. Air Force from December 1975 to December 1979. R. at 18. In April 1980, appellant filed a claim for entitlement to service connection for a nervous disorder. R. at 51. A May 1980 VA special psychiatric examination concluded that appellant's symptoms of anxiety "could be the normal manifestations of getting adjusted to civilian life [and] getting out of service." R. at 59. In July 1980, the VA Regional Office (RO) denied service connection for a nervous condition. R. at 71–72. That RO decision became final when appellant allowed a year to elapse without filing a Notice of Disagreement (NOD), i.e., the required written communication expressing dissatisfaction with an adjudicative determination by the agency of original jurisdiction. *See* 38 U.S.C. § 7105; 38 C.F.R. § 20.201 (1993). In May and September 1982, and again in October 1987, the RO denied appellant's claim on the ground that no new and material evidence had been submitted to warrant reopening his claim. R. at 73, 76, 97. In February 1988, appellant filed a Statement in Support of Claim which was accepted as an NOD. R. at 101. In May 1988, the RO again denied appellant's claim on the ground that no new and material evidence had been submitted. R. at 130. Appellant appealed to the BVA, and in October 1988 the Board apparently denied his claim of entitlement to service connection for anxiety reaction with depression. *See* R. at 178. In September 1989, the Board vacated its 1988 decision because appellant had timely requested, but not received, a hearing before the Board. R. at 178. In October 1989, the Board remanded this case to the RO with specific instructions to obtain and examine "the complete in- and outpatient records of treatment received by the veteran at the VA Medical Centers in New Orleans, Louisiana in 1980; Alexandria, Louisiana in 1982; Portland, Oregon in 1986 and Vancouver, Washington in 1987." R. at 180.

Thereafter, a January 5, 1990, rating decision on remand, stating that the remand instructions had been satisfied, determined that no new and material evidence had been secured. Noting that the VA examination reports "now show that a diagnosis of paranoid schizophrenia has been made," the RO

found that there was "no evidence to show that this condition was incurred in or aggravated during a period of active duty or within the presumptive period following service." R. at 254. Concurrent with the rating decision, the RO sent appellant a letter "in further reference to the appeal you have filed from our decision on your claim for benefits." R. at 256. The letter stated that, without any further action on appellant's part, his records would be placed on the docket of the BVA, although he could supplement his comments regarding the additional information in the Supplemental Statement of the Case. *Id.* On January 29, 1990, in response to that rating decision, appellant filed a letter which was accepted by the VA as an "NOD." R. at 261, 265. An August 1990 Board decision again denied entitlement to service connection for anxiety with depression and schizophrenia. Appellant appealed to this Court. In 1991, appellant and the Secretary filed a joint motion with this Court asking that this matter be remanded to the Board for further deliberations. The motion was granted and the matter remanded to the Board for a decision to include the question of CUE in the July 1980 RO decision denying entitlement to service connection for a psychiatric disorder, then classified as an anxiety reaction. On July 16, 1992, the Board rendered its decision which is now the subject of this appeal.

■ This Court derives its jurisdiction exclusively from statute. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *Prenzler v. Derwinski,* 928 F.2d 392, 394 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990).

> A prerequisite for the Court to have jurisdiction over an appeal is that appellant must have filed a valid NOD on or after November 18, 1988. Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)); *see also Hamilton,* 4 Vet.App. at 530–31.

*Frazer v. Brown,* 6 Vet.App. 19, 22 (1993). Under *Hamilton,* "[t]here can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton,* 4 Vet.App. at 538 (emphasis in original).

■ Here, appellant contends that his letter of January 29, 1990, expressing disagreement with the January 5, 1990, rating decision is sufficient to confer jurisdiction on this Court as an NOD filed on or after November 18, 1988. That letter was accepted by the VA as an "NOD." However, because the Board had vacated its 1988 decision, appellant's claim was thereby "restored to appellate status" before the VA, and remained in appellate status at the time of the January 5, 1990, rating decision by the RO. *Frazer,* 6 Vet.App. at 23. Accordingly, appellant's January 29, 1990, letter is but a continuation of the original effort to seek benefits for what is essentially the same mental condition. As this Court said in *Frazer,*

> [U]ntil there was a *final* RO or BVA decision on appellant's claims, . . . "there was no function that a new NOD [here, the January 1990 letter] . . . could have performed in VA's adjudication process, and, consequently, a VJRA § 402 NOD could not have been filed insofar as this Court's jurisdiction is concerned."

*Id. (quoting Hamilton,* 4 Vet.App. at 541). "[W]here the BVA remands to an RO for further development and readjudication a claim previously decided by the RO and properly appealed to the BVA . . ., an expression of disagreement with a subsequent RO readjudication on remand cannot be an NOD." *Hamilton,* 4 Vet.App. at 538. Thus, the only NOD in this case relevant to jurisdiction in this Court was filed in February 1988.

■ Appellant's argument that his January 29, 1990, letter is a valid NOD for jurisdiction purposes because it was the first NOD filed in response to the RO's denial of a claim for paranoid schizophrenia cannot prevail. This Court has previously held that where a veteran's claims are "inextricably intertwined," as are appellant's claims for a nervous condition, a psychiatric disorder, anxiety reaction with depression, and paranoid schizophrenia, an NOD as to one of the

intertwined claims cannot be considered a separate NOD for a "new" claim where an NOD had previously been filed as to the BVA's determination on the broader, more inclusive claim. *See Ephraim v. Brown,* 5 Vet.App. 549, 550 (1993); *Calvert v. Brown,* 5 Vet.App. 461 (1993).

■ While there is some suggestion that a claim of CUE in the 1980 RO decision was raised in 1988, *see* R. at 285, the record on appeal is unclear as to whether CUE was sufficiently raised such that an RO adjudication was necessary. However, even assuming that the claim was raised and there should have been an RO adjudication, there is no NOD that would give this Court jurisdiction to address the CUE claim. As with all other claims, an NOD is a jurisdictional predicate to CUE claims. *Russell v. Principi,* 3 Vet.App. 310, 315 (1992) ("We hold that, where there was a timely NOD and a timely [Notice of Appeal] as to the decision concerning 'clear and unmistakable error,' the Court has jurisdiction to review the BVA decision."). The April 1992 statement by appellant's representative, the American Legion, is the only document in the record which could possibly be considered an NOD with regard to the CUE issue. It made certain fact-based arguments about the 1980 RO decision regarding his nervous condition, a claim for high blood pressure, and a claim for hearing loss. R. at 284–86. With regard to each of these three arguments, the representative's statement merely asked that the Board review the 1980 RO decision and reweigh the evidence. For example, the representative asked "the Board to resolve any and all reasonable doubt under the provisions of 38 C.F.R. [§] 3.102 in the veteran's favor, and to find that the facts and evidence support his claim [for a nervous condition]." R. at 285. The representative added:

> We, once again, ask that any and all reasonable doubt under the provisions of 38 C.F.R. [§] 3.102 be resolved in the veteran's favor, and that the Board find that the rating decision of July 1980 contains an error [regarding hearing loss] as well, when the regional office failed to grant

service connection by reason of aggravation for this condition.

R. at 286.

■ The April 1992 statement cannot be considered a jurisdiction-conferring NOD for four reasons. First, there is no RO decision of record making a CUE claim adjudication as to which the statement could be expressing disagreement. *See* 38 C.F.R. § 20.201 (NOD must express written dissatisfaction "with an adjudicative determination by the agency of original jurisdiction"); *Hamilton,* 4 Vet.App. at 531. Second, the statement was filed with the BVA, not the agency of original jurisdiction as required by the statute. *See* 38 U.S.C. § 7105(b)(1). Third, the statement is not specific enough;

> [i]f a claimant wishes to reasonably raise CUE there must be some degree of specificity as to what the alleged error is and, unless it is the kind of error ..., that if true, would be CUE on its face, persuasive reasons must be given as to why the result would have been *manifestly* different but for the alleged error.

*Fugo v. Brown,* 6 Vet.App. 40, 44 (1993). Fourth, the April 1992 statement merely argues that the facts were incorrectly weighed. "The claimant ... must assert more than a disagreement as to how the facts were weighed or evaluated." *Russell,* 3 Vet.App. at 313.

For the foregoing reasons, and after consideration of the record on appeal and the pleadings, this appeal is DISMISSED for lack of jurisdiction, and the Secretary's motion for summary affirmance with respect to one issue, for partial remand of one issue, for acceptance of the motion in lieu of a brief, and to stay further proceedings is DENIED as moot.