Citation Nr: 1702613 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 09-14 366 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for a left knee disability, to include as secondary to a low back strain and associated left leg radiculopathy (also referred to herein as sciatica). 

2. Entitlement to a total disability rating based on individual unemployability as a result of service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

J. Gallagher, Associate Counsel




INTRODUCTION

The Veteran served on active duty from January 1986 to February 1991.

This appeal is before the Board of Veterans' Appeals (Board) from an October 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York. Jurisdiction was subsequently transferred to the RO in Columbia, South Carolina.

In March 2013, the Board remanded the Veteran's appeal with instruction to obtain relevant records related to workers' compensation and to afford the Veteran VA examinations. The appropriate records were obtained, but the Veteran failed to report for his VA examination. In August 2015, the Board determined that the Veteran was not properly notified of his examination appointments and remanded for rescheduled examinations which occurred in November 2015. The Board is therefore satisfied that the instructions in its remands of March 2013 and August 2015 have been satisfactorily complied with. See Stegall v. West, 11 Vet. App. 268 (1998).

The issue of entitlement to a TDIU is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran currently has left knee degenerative joint disease that is proximately due to or the result of an injury caused by his service-connected low back disability and associated left leg radiculopathy.






CONCLUSION OF LAW

The criteria for service connection for a left knee degenerative joint disease, as secondary to service-connected low back disability and associated left leg radiculopathy, have been met. 38 U.S.C.A. §§ 1101, 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION
 
Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In the present case, required notice was provided by letter dated May 2008. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

As to VA's duty to assist, all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Veteran's service treatment records and VA medical records have been obtained, as have relevant private medical records identified by the Veteran. The Veteran was provided VA examinations in August 2008 and November 2015. The Board finds that taken together these examinations and their associated reports were adequate. Along with the other evidence of record, they provided sufficient information to decide the appeal and a sound basis for a decision on the Veteran's claims. The examination reports were based on examination of the Veteran by examiners with appropriate expertise who thoroughly reviewed the claims file. 38 C.F.R. § 3.159(c)(4); Barr v. Nicholson, 21 Vet. App. 303 (2007). 
 
Therefore, VA has satisfied its duties to notify and assist, additional development efforts would serve no useful purpose, and there is no prejudice to the Veteran in adjudicating this appeal. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

The Veteran claims service connection for a left knee disability. Specifically, he asserts that he had a fall because his service-connected radiculopathy caused his left leg to give out, and he then fell and chronically injured his knee. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). Service connection may also be granted for any disease diagnosed after discharge when the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection is also warranted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Such secondary service connection is warranted for any increase in severity of a nonservice-connected disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(b).

For certain chronic diseases, such as arthritis, a presumption of service connection arises if the disease is manifested to a degree of 10 percent within one year following discharge from service. 38 C.F.R. §§ 3.307(a)(3), 3.309(a). When a chronic disease is not shown to have manifested to a compensable degree within one year after service, under 38 C.F.R. § 3.303(b) for the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. When the fact of chronicity in service is not adequately supported, a showing of continuity after discharge is required to support a claim for such diseases; however, such continuity of symptomatology may only support a claim for those chronic diseases listed under 38 C.F.R. § 3.309(a). 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

Service treatment records do not reflect any symptoms of or treatment for any left knee disability, and the Veteran does not contend that his knee disability arose in service.

In his May 2008 claim, the Veteran reported that his left knee disability was due to his service-connected back problem. Specifically, he stated that his left knee gave out when he was coming down the stairs at home in 2006 and again later when getting out of his truck. In 2008 he again fell out of his truck when his left knee gave way. He reported that after undergoing back surgery, his physician informed him that his back condition causes his left knee to go numb with no feeling, which causes his repeated falls.

The Veteran underwent a VA examination in August 2008. He reported a gradual onset of progressively worsening knee pain beginning in 2007. He reported pain, weakness, and daily 30-minute flare-ups. July 2007 x-rays were normal. The examiner found no objective findings of a musculoskeletal disability. Instead, the examiner diagnosed sciatica of the left leg. The examiner opined that the sciatica was 50 percent due to his military low back injury and 50 percent due to his more recent back injury.

In a July 2012 rating decision the Veteran was granted service connection for left lower extremity radiculopathy associated with his service-connected low back strain. 

The Veteran underwent another VA examination in November 2015. He reported chronic left knee pain and instability since 2004 or 2005. He stated that on one occasion his left leg gave out and he fell down the stairs. He denied any specific injury to the left knee. X-rays showed evidence of degenerative arthritis in the left knee. Based on medical records, the examiner opined that his disability originated in 2007 due to an injury at work ("Per VBMS, noted dated 2/13/2008:injured knee getting out of truck in May 2007 with persistent pain, 1/29/2008 DJD of knee"). The examiner contradictorily opined that the Veteran " . . . was later diagnosed with degenerative joint disease which occurs with the aging process and is likely exacerbated by his obesity."

The Board finds that the evidence is at least in equipoise as to whether the Veteran's left knee degenerative joint disease is proximately due or the result of his service-connected left leg sciatica. The Board acknowledges that the August 2008 VA examination found sciatica but no musculoskeletal knee disability. However, the November 2015 VA examination report relied on other VA clinical records from 2008 indicating the left knee degenerative joint disease was evident at that time and was the result, at least in part, of the Veteran's 2007 workplace injury. This opinion is consistent with the Veteran's reports that numbness in his leg caused his workplace injury, which was subsequently confirmed by the diagnosis of the August 2008 examiner. The Veteran's assertion that he fell because of his service-connected sciatica, and that the fall was at least partially responsible for Veteran's left knee arthritis, has some support in medical evidence and the November 2015 examiner's opinion. For these reasons, the Board finds that the evidence is at least in equipoise that the Veteran's left knee disability is proximately due to or the result of his service-connected left leg radiculopathy. Therefore service connection for left knee degenerative joint disease is granted.


ORDER

Service connection for a left knee degenerative joint disease, as secondary to the service-connected low back disability and associated left leg radiculopathy, is granted.




REMAND

The Veteran seeks TDIU. He contends that his service-connected disabilities, when considered in combination, render him unemployable.

A veteran is totally disabled if his service-connected disability or combination of service-connected disabilities is rated at 100 percent pursuant to the Schedule for Rating Disabilities. 38 C.F.R. § 3.340(a)(2). Even if a veteran is less than 100 percent disabled, he still is deemed totally disabled under the Schedule for Rating Disabilities if he satisfies two requirements. 38 C.F.R. § 4.16(a). First, the veteran must meet a minimum percent evaluation. If he has one service-connected disability, it must be evaluated at 60 percent or more. If he has two or more service-connected disabilities, at least one disability must be evaluated at 40 percent or more and the combined evaluation of all the disabilities must be 70 percent or more. The following will be considered as one disability with respect to the minimum percent evaluation: (1) disabilities of one or both upper extremities or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system (e.g., orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric), (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. Second, the veteran must be found to be unable to secure and follow a substantially gainful occupation as a result of his service-connected disability or disabilities. Id.

Where the veteran does not meet the percentage evaluation requirements under 4.16(a), he still may be deemed totally disabled on an extraschedular basis under 38 C.F.R. § 4.16(b) when the evidence nonetheless indicates that the veteran is unemployable by reason of his service-connected disabilities. Under such circumstance the matter is referred to the Director of the Compensation and Pension Service ("Director") for consideration. Id.; see also Bagwell v. Brown, 9 Vet. App. 337 (1996); Floyd v. Brown, 9 Vet. App. 88 (1996); Shipwash v. Brown, 8 Vet. App. 218 (1995). Extraschedular TDIU consideration requires contemplation of the following factors: severity of the Veteran's service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue. 38 C.F.R. § 4.16(b). Although the Board does not have the authority to award an extraschedular TDIU prior to referral to the Director, the Board has jurisdiction to review and award extraschedular ratings in claims that have been denied by the Director. See Kuppamala v. McDonald, 27 Vet. App. 447 (2015).

Here, the Veteran's TDIU claim is inextricably intertwined with the rating to be assigned to his left knee disability, for which service connection is granted herein. As such, it must be remanded. See Ephraim v. Brown, 5 Vet. App. 549, 550 (1993) (inextricably intertwined claims should be remanded together).

Accordingly, the case is REMANDED for the following action:

1. Implement the Board's decision above to awarding service connection for a left knee disability, to include as secondary to a low back strain and associated sciatica. 

2. Conduct any additional development deemed necessary to determine the impact of the Veteran's disabilities on his employability.

3. After completing the above, readjudicate the issue of TDIU. If the benefits sought remain denied, provide an additional supplemental statement of the case to the Veteran and his representative, and return the appeal to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs