**Ronnie Lee BARNES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–493.

United States Court of Veterans Appeals.

Submitted Jan. 21, 1991.

Decided June 3, 1991.

Ronnie Lee Barnes, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, D.C., were on the pleadings, for appellee.

Before KRAMER, MANKIN and IVERS, Associate Judges.

PER CURIAM:

On February 20, 1990, the Board of Veterans' Appeals (BVA) rendered a decision denying the appellant, Ronnie Lee Barnes, an increase in the disability rating assigned to his service-connected anxiety disorder. The Secretary of Veterans Affairs (Secretary) subsequently filed a motion requesting that the Court remand this decision. In response, the appellant filed a number of pleadings in opposition to the Secretary's motion. Upon review of the record and pleadings in this case, we hold that the BVA failed to properly apply the relevant laws and regulations in rendering its decision, and we therefore grant the Secretary's motion for remand of the matter.

The appellant currently has a service-connected anxiety disorder rated as 30% disabling. In 1989, seeking an increase in this disability rating, the appellant reopened his claim, alleging that his anxiety disorder had increased in severity. On November 11, 1988, a Veterans' Administration (now Department of Veterans Affairs) (VA) examination was conducted to assess the appellant's current condition. Based on this examination, the Los Angeles, California, VA Regional Office ruled that the appellant's anxiety disorder had not worsened, and thus denied the appellant's claim for an increased rating. The appellant subsequently appealed to the BVA, and after an oral hearing held on May 17, 1989, the BVA affirmed the Regional Office's decision on February 20, 1990. An appeal to this Court followed.

Upon review of the BVA decision at issue in this appeal, we find that it contains a number of errors requiring a remand of the matter. First, the BVA failed to provide adequate reasons or bases for its credibility and probative weight determinations regarding: (1) the hearing testimony; (2) the findings of the clinical psychiatric exam; and (3) the findings of any physical exams that might have been conducted on the appellant (the Court notes that a neurological exam was suggested by the examining

psychiatrist, though the results of such an exam, if held, are not before the Court at this time). *See Gilbert v. Derwinski,* 1 Vet.App. 49, 55–57 (1990). Second, the BVA failed to cite to, and discuss, any VA disability rating schedules that could be relevant to the headache component of the appellant's disability. *See Payne v. Derwinski,* 1 Vet.App. 85, 87 (1990). *See generally* 38 C.F.R. § 4.124a, Diagnostic Code 8100 (Diagnostic Code 8100 details the disability rating assigned migraine headaches). Third, the BVA erroneously based its decision, at least in part, on its finding that a "chronic" increase in the appellant's disability had not been shown. *Ronnie L. Barnes,* loc. no. 006384, at 5 (BVA Feb. 20, 1990). (As the Secretary concedes in his motion, there is no requirement that a showing of a "chronic" increase in the appellant's disability be made before an increase in his disability rating is warranted.) Fourth, and finally, the BVA did not adequately enunciate its rationale for deciding that the benefit of the doubt doctrine did not apply in this appeal. *See Gilbert,* at 53–55, 57–58.

In light of the above discussion, it is the decision of this Court that the February 20, 1990, BVA decision is vacated and that the matter is remanded to the BVA for reconsideration of the appellant's claim and for it to render a decision consistent with this opinion. In addition, the BVA is to order any further examinations that it feels may be warranted due to the time that has elapsed since the appellant's last examination.

*It is so Ordered.*