114 F.3d 1156
 Bobby N. GRANTHAM, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7011.
 United States Court of Appeals,
Federal Circuit.
 June 11, 1997.
 
 Bobby N. Grantham, Lumberton, MI, pro se.
 Michal L. Tingle, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for respondent-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Joseph A. Kijewski, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel, and Nicole Sideris, Attorney, Department of Veterans Affairs, Washington, DC.
 Before ARCHER, Chief Judge, RICH, Circuit Judge, and FRIEDMAN, Senior Circuit Judge.
 RICH, Circuit Judge.
 
 
 1
 Bobby N. Grantham (Grantham), appeals from the September 19, 1995 Decision of the Court of Veterans Appeals dismissing the appeal concerning Grantham's left-eye claim, and remanding concerning his pension claim. For the reasons discussed below, we reverse the Court of Veterans Appeals' decision on the left eye-claim and remand, and we dismiss the appeal regarding the pension claim.
 
 BACKGROUND
 
 2
 Two issues are before the court for review. The first concerns Grantham's left-eye claim. The second concerns Grantham's pension claim.
 
 
 3
 Section 402 of the Veterans' Judicial Review Act, Pub.L. No. 100-687, Div. A, 102 Stat. 4105 (1988) (VJRA), extends the jurisdiction of the Court of Veterans Appeals to only those appeals initiated by a Notice of Disagreement (NOD) filed on or after November 18, 1988. Grantham filed two NODs concerning his left-eye condition. The first was filed before November 18, 1988 and expressed Grantham's disagreement with a decision denying a service-connection for his left-eye condition. Sometime later, a service-connection was established for the condition. After the service-connection was established, and after November 18, 1988, Grantham filed the second NOD disagreeing with a decision to rate the service-connected, left-eye condition as noncompensable. The Court of Veterans Appeals held that the appeal concerning the second NOD was "part of the case to which [the first] NOD applied" and since that earlier case stemmed from an NOD filed before November 18, 1988, there was no jurisdiction in the Court of Veterans Appeals to hear an appeal concerning that case. Grantham v. Brown, 8 Vet.App. 228, 231 (1995) (quoting West v. Brown, 7 Vet.App. 329, 331 (1995) (in banc)).
 
 
 4
 Grantham also appealed to the Court of Veterans Appeals on a pension claim. The Court of Veterans Appeals vacated the Board of Veterans' Appeals' pension claim decision and remanded the matter "for expeditious further development and readjudication, on the basis of all applicable law and regulation, and issuance of a readjudicated decision supported by an adequate statement of reasons or bases." Grantham, 8 Vet.App. at 236.
 
 ANALYSIS
 
 5
 Two issues are before us for consideration. The first issue is the Court of Veterans Appeals' dismissal of Grantham's appeal concerning his left-eye claim. Both parties argue that the dismissal for lack of jurisdiction was improper. We agree, and reverse and remand the left-eye claim to the Court Of Veterans Appeals. The second issue is the Court of Veterans Appeals' remand of Grantham's pension claim. It is unclear whether the parties actually present any dispute on this issue. Grantham may raise the issue in his notice of appeal but does not argue it in his brief. Under settled principles of law, the decision to remand will not be disturbed.
 
 
 6
 The Court of Veterans Appeals' decision to dismiss the appeal concerning the left-eye claim is brought before the court under unusual circumstances. Both parties agree, for the same reasons, that the decision below was improper. As a result, there is no real dispute concerning this issue. Because subject matter jurisdiction in this Court may not be created by consent of the parties, however, this issue may not be resolved by consent and must be addressed on the merits.
 
 
 7
 It is clear that an agency of original jurisdiction's (AOJ's) first decision regarding a claim for benefits might not resolve, or even address, all necessary elements of the application for benefits. In the case of Grantham, for example, the AOJ's first decision found that Grantham's condition was not service-connected, and therefore the decision never reached the down-stream question concerning compensation level. As a result, Grantham's first appeal to the Board of Veterans Appeals and Court of Veterans Appeals concerned only the question of service-connectedness. Grantham's second NOD, and the appeal therefrom to the Court of Veterans Appeals, concerned a new and previously undecided issue: the compensation level for the condition that had been found to be service-connected. The issue of compensation level is based on an entirely new NOD. The issue was not addressed at any time during the appeal process stemming from the first NOD. It was only the second NOD that could, and did, initiate appellate review of this claim concerning compensation level. Because the NOD that initiated appellate review of this claim was filed on or after November 18, 1988, the Court of Veterans Appeals had jurisdiction.
 
 
 8
 The Court of Veterans Appeals reached a different result on this issue by erroneously interpreting the broad dictum of Hamilton v. Brown, 39 F.3d 1574, 1586 (Fed.Cir.1994). According to the Court of Veterans Appeals, Hamilton "clearly established that '[t]here can only be one valid NOD as to a particular claim....' " Grantham v. Brown, 8 Vet.App. at 231 (quoting Hamilton v. Brown, 4 Vet.App. 528, 538 (1993), aff'd, 39 F.3d 1574 (Fed.Cir.1994)). We disagree. It is axiomatic that the language in Hamilton, as in any other case, must be read in light of the facts and issues that were before the court when the language was written. The holding of Hamilton is much narrower than the decision below suggests. Moreover, the facts and issues in Hamilton are operatively different from those before us in this case.
 
 
 9
 In Hamilton, the document filed by Hamilton did not initiate appellate review of his claim in that it merely joined new arguments in the updated statement of the AOJ's position. 39 F.3d at 1584. Both sets of arguments, old and new, concerned the same element of Hamilton's claim: the service connectedness of Hamilton's apparent disorder. 39 F.3d at 1577-78.
 
 
 10
 In contradistinction, Grantham's second NOD, and the appeal therefrom to the Court of Veterans Appeals, concerned an element that was not considered during the appeal stemming from his first NOD. Because the first appeal concerned the rejection of the logically up-stream element of service-connectedness, the appeal could not concern the logically down-stream element of compensation level. Therefore, the second NOD creates jurisdiction because, as a matter of logic, the second NOD is the first NOD that is actually able to initiate appellate review of the issue. See Ephraim v. Brown, 82 F.3d 399, 402 (Fed.Cir.1996) (noting an analogous situation under which a newly diagnosed disorder, whether or not medically related to a previously diagnosed disorder, cannot be viewed as the same claim for jurisdictional purposes when it has not been previously considered).
 
 
 11
 Lastly, we must also address the Court of Veterans Appeals' decision to remand the pension claim. This court typically does not have jurisdiction over Court of Veterans Appeals remands. See Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed.Cir.1986). An exception to this rule does exist when the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of litigation. Travelstead v. Derwinski, 978 F.2d 1244, 1247-49 (Fed.Cir.1992). This case clearly does not present such an exception. In contradistinction, the remand was directed "for expeditious further development and readjudication, on the basis of all applicable law and regulation, and issuance of a readjudicated decision supported by an adequate statement of reasons or bases." Grantham v. Brown, 8 Vet.App. at 236 (emphasis added).
 
 CONCLUSION
 
 12
 In light of the foregoing, we reverse the Court of Veterans Appeals' decision to dismiss the aspect of the appeal concerning Grantham's left-eye condition, remanding the issue to the Court of Veterans Appeals. We dismiss the appeal regarding the remand of the pension claim.
 
 
 13
 REVERSED-IN-PART, DISMISSED-IN-PART, AND REMANDED.
 
 
 14
 ARCHER, Chief Judge, concurring.
 
 
 15
 I join in the opinion of the court but write separately to express further views on appellate review of veterans' claims in view of Hamilton v. Brown, 39 F.3d 1574 (Fed.Cir.1994).
 
 I.
 
 16
 Appellate review by the Board of Veterans' Appeals (BVA or Board) is initiated by the filing of a notice of disagreement (NOD). 38 U.S.C. § 7105(a) ("Appellate review will be initiated by a notice of disagreement and completed by a substantive appeal after a statement of the case is furnished as prescribed in this section."); Hamilton, 39 F.3d. at 1582 ("A notice of disagreement is discussed solely in the context of initiating an appeal to the Board."). The NOD must be "filed within one year from the date of mailing of the results of initial review or determination" by the agency of original determination (AOJ). 38 U.S.C. § 7105(b)(1) (emphasis added). A NOD is simply a "written communication from a claimant ... expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction." 38 C.F.R. § 20.201 (1996).
 
 
 17
 The filing of the NOD gives the AOJ the opportunity to review its decision in view of the claimant's disagreement and take any action it deems proper. See 38 U.S.C. § 7105(d)(1). If the disagreement is not resolved, the agency must prepare a statement of the case (SOC). Id. The SOC essentially frames the issues for appeal to the BVA by laying out the agency's positions on the issues raised in the NOD. The statute directs that the SOC include the decision on each issue raised in the NOD and the reasons for the decision, citation to the pertinent law, and a summary of the pertinent evidence. 38 U.S.C. § 7105(d)(3).
 
 
 18
 The claimant, in order to perfect an appeal to the BVA, "should set out specific allegations of error of fact or law, such allegations related to specific items in the statement of the case." 38 U.S.C. § 7105(d) (emphasis added). In addition the "benefits sought on appeal must be clearly identified." Id.
 
 
 19
 Under this statutory scheme, the issues appealable to the BVA are only those that have been framed in the SOC. Because the claimant must relate all challenges to the AOJ decision based on the issues framed in the SOC, the claimant cannot raise any new issues that were not covered in the SOC.
 
 II.
 
 20
 When it created the Court of Veterans Appeals, Congress established an effective date provision with respect to claims that could be appealed to the new court and intended to have the existing appeal procedures only apply to claims that satisfied this effective date provision. See Hamilton, 39 F.3d at 1576. The Veterans Judicial Review Act (VJRA), Pub.L. No. 100-687, § 301(a), 102 Stat. 4113 (1988) renumbered Pub.L. No. 102-40, § 402(d)(2), 105 Stat. 238 (1991) (see 38 U.S.C. § 7105 note), thus provides that its appeal procedures to the Court of Veterans Appeals "shall apply with respect to any case in which a notice of disagreement is filed under section 7105 of title 38, United States Code, on or after the date of the enactment of this Act [Nov. 18, 1988]."
 
 
 21
 In Hamilton, this court considered what the VJRA meant by the phrase "a notice of disagreement" for purposes of the Court of Veterans Appeals jurisdiction. The Hamilton court concluded that not all expressions of disagreement created jurisdiction for appeal to the Court of Veterans Appeals but rather that "a jurisdiction-creating NOD is a document filed on or after November 18, 1988 that initiates appellate review of a claim." 39 F.3d at 1586.
 
 
 22
 In West v. Brown, 7 Vet.App. 329 (1995), the Court of Veterans Appeals, in banc, relying on Hamilton and equating "claim" with "case," concluded that there could only be one jurisdiction-creating NOD for a case, and in effect considered a claim to encompass all issues in an application for benefits.[1] West, 7 Vet.App. at 331. It reasoned that the first NOD filed initiates appellate review and that, thereafter, there can be no other jurisdiction-creating NOD. See id. at 331-32. Thus, even if a later NOD relates solely to determinations by the AOJ on issues not previously decided, it would not be effective for jurisdiction because the entire application for benefits should be treated as already being in appeal status. See Grantham v. Brown, 8 Vet.App. 228, 230, 232 (1995). As a result, the Court of Veterans Appeals concluded that if any NOD is filed before November 18, 1988, then the Court of Veterans Appeals may not consider any aspect of any decision that pertains to the same application for benefits. West, 7 Vet.App. at 331; Grantham, 8 Vet.App. at 232.
 
 III.
 
 23
 The Court of Veterans Appeals reads Hamilton too broadly. In that case, Hamilton sought benefits for a service-connected post-traumatic stress disorder (PTSD). The AOJ denied the claim based on a failure to establish service connection, i.e., Hamilton had failed to show that the "stressor" for his PTSD was service related. 39 F.3d at 1577. Hamilton challenged this finding several times between September 1985 and September 1989, and it was successively affirmed. Id. at 1577-79. Based on a NOD filed on March 22, 1989 (after the effective date of the VJRA), the BVA again concluded that the claimant had failed to show service connection. Id. at 1579. Hamilton then sought review by the Court of Veterans Appeals which held that it had jurisdiction based on the 1989 NOD.
 
 
 24
 On appeal to this court, we reversed the decision of the Court of Veterans Appeals. Hamilton, 39 F.3d at 1586. We explained that the agency is not acting as an AOJ when a case is remanded to it but rather as an arm of the BVA. Hamilton, 39 F.3d at 1585. The AOJ determination on remand, as to which the 1989 NOD was filed, was therefore not an initial decision on the question of service connection. We went on to state that because there can only be one initial decision in connection with a "claim," even if new issues arise later in connection with that claim, there can only be one jurisdiction-creating NOD filed in response to that initial decision. See Hamilton, 39 F.3d at 1584, 1585.
 
 
 25
 Under the facts of Hamilton when the same element of an application for benefits is further considered by the AOJ on remand from the BVA and is the subject of successive NODs or other disagreement documents, it is the same claim that is being pursued. The term "claim" as used in Hamilton does not extend to unadjudicated elements of an application for benefits. As to these other elements, if they were not decided, explicitly or inherently, by the AOJ, there could have been no jurisdiction-creating NOD relating to them.
 
 
 26
 Thus, under the statutory scheme, when the AOJ addresses questions and issues respecting elements of the application for benefits not previously considered, the agency is again acting as the initial decision maker. An appeal may be initiated by the filing of an NOD in response to such an initial decision. And a new appellate case results, which after decision by the BVA may be appealed to the CVA if the NOD filing was after November 18, 1988.
 
 
 27
 Our decision in this case is therefore consistent with the statute and is not in conflict with our decision in Hamilton.
 
 
 
 [1]
 As the Court of Veterans Appeals noted in West, generally in order for a veteran to state a case for disability benefits, the veteran must claim and prove in the application for benefits (1) the veteran's status, (2) existence of a disability, (3) service connection of that disability, (4) degree of disability, and (5) the effective date. West, 7 Vet.App. at 333. Thus, the evaluation of an application for benefits requires the determination of a number of different issues or elements