ARCHER, Chief Judge,
concurring.
I join in the opinion of the court but write separately to express further views on appellate review of veterans’ claims in view of Hamilton v. Brown, 39 F.3d 1574 (Fed.Cir.1994).
I.
Appellate review by the Board of Veterans’ Appeals (BVA or Board) is initiated by the filing of a notice of disagreement (NOD). 38 U.S.C. § 7105(a) (“Appellate review will be initiated by a notice of disagreement and completed by a substantive appeal after a statement of the case is furnished as prescribed in this section.”); Hamilton, 39 F.3d. at 1582 (“A notice of disagreement is discussed solely in the context of initiating an appeal to the Board.”). The NOD must be “filed within one year from the date of mailing of the results of initial review or determination” by the agency of original determination (AOJ). 38 U.S.C. § 7105(b)(1) (emphasis added). A NOD is simply a “written communication from a claimant ... expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction.” 38 C.F.R. § 20.201 (1996).
The filing of the NOD gives the AOJ the opportunity to review its decision in view of the claimant’s disagreement and take any action it deems proper. See 38 U.S.C. § 7105(d)(1). If the disagreement is not resolved, the agency must prepare a statement of the ease (SOC). Id. The SOC essentially frames the issues for appeal to the BVA by laying out the agency’s positions on the issues raised in the NOD. The statute directs that the SOC include the decision on each issue raised in the NOD and the reasons for the decision, citation to the pertinent law, and a summary of the pertinent evidence. 38 U.S.C. § 7105(d)(3).
The claimant, in order to perfect an appeal to the BVA, “should set out specific allegations of error of fact or law, such allegations related to specific items in the statement of the case.” 38 U.S.C. § 7105(d) (emphasis added). In addition the “benefits sought on appeal must be clearly identified.” Id.
Under this statutory scheme, the issues appealable to the BVA are only those that have been framed in the SOC. Because the claimant must relate all challenges to the *1160 AOJ decision based on the issues framed in the SOC, the claimant cannot raise any new issues that were not covered in the SOC.
II.
When it created the Court of Veterans Appeals, Congress established an effective date provision with respect to claims that could be appealed to the new court and intended to have the existing appeal procedures only apply to claims that satisfied this effective date provision. See Hamilton, 39 F.3d at 1576. The Veterans Judicial Review Act (VJRA), Pub.L. No. 100-687, § 301(a), 102 Stat. 4113 (1988) renumbered Pub.L. No. 102-40, § 402(d)(2), 105 Stat. 238 (1991) (see 38 U.S.C. § 7105 note), thus provides that its appeal procedures to the Court of Veterans Appeals “shall apply with respect to any case in which a notice of disagreement is filed under section 7105 of title 38, United States Code, on or after the date of the enactment of this Act [Nov. 18, 1988].”
In Hamilton, this court considered what the VJRA meant by the phrase “a notice of disagreement” for purposes of the Court of Veterans Appeals jurisdiction. The Hamilton court concluded that not all expressions of disagreement created jurisdiction for appeal to the Court of Veterans Appeals but rather that “a jurisdiction-creating NOD is a document filed on or after November 18, 1988 that initiates appellate review of a claim.” 39 F.3d at 1586.
In West v. Brown, 7 Vet.App. 329 (1995), the Court of Veterans Appeals, in banc, relying on Hamilton and equating “claim” with “case,” concluded that there could only be one jurisdiction-creating NOD for a case, and in effect considered a claim to encompass all issues in an application for benefits.[1] West, 7 Vet.App. at 331. It reasoned that the first NOD filed initiates appellate review and that, thereafter, there can be no other jurisdiction-creating NOD. See id. at 331-32. Thus, even if a later NOD relates solely to determinations by the AOJ on issues not previously decided, it would not be effective for jurisdiction because the entire application for benefits should be treated as already being in appeal status. See Grantham v. Brown, 8 Vet.App. 228, 230, 232 (1995). As a result, the Court of Veterans Appeals concluded that if any NOD is filed before November 18, 1988, then the Court of Veterans Appeals may not consider any aspect of any decision that pertains to the same application for benefits. West, 7 Vet.App. at 331; Grantham, 8 Vet.App. at 232.
III.
The Court of Veterans Appeals reads Hamilton too broadly. In that case, Hamilton sought benefits for a service-connected post-traumatic stress disorder (PTSD). The AOJ denied the claim based on a failure to establish service connection, i.e., Hamilton had failed to show that the “stressor” for his PTSD was service related. 39 F.3d at 1577. Hamilton challenged this finding several times between September 1985 and September 1989, and it was successively affirmed. Id. at 1577-79. Based on a NOD filed on March 22, 1989 (after the effective date of the VJRA), the BVA again concluded that the claimant had failed to show service connection. Id. at 1579. Hamilton then sought review by the Court of Veterans Appeals which held that it had jurisdiction based on the 1989 NOD.
On appeal to this court, we reversed the decision of the Court of Veterans Appeals. Hamilton, 39 F.3d at 1586. We explained that the agency is not acting as an AOJ when a case is remanded to it but rather as an arm of the BVA. Hamilton, 39 F.3d at 1585. The AOJ determination on remand, as to which the 1989 NOD was filed, was therefore not an initial decision on the question of service connection. We went on to state that because there can only be one initial decision in connection with a “claim,” even if new issues arise later in connection with that claim, there can only be one jurisdiction-creating *1161 NOD filed in response to that initial decision. See Hamilton, 39 F.3d at 1584, 1585.
Under the facts of Hamilton when the same element of an application for benefits is further considered by the AOJ on remand from the BVA and is the subject of successive NODs or other disagreement documents, it is the same claim that is being pursued. The term “claim” as used in Hamilton does not extend to unadjudicated elements of an application for benefits. As to these other elements, if they were not decided, explicitly or inherently, by the AOJ, there could have been no jurisdiction-creating NOD relating to them.
Thus, under the statutory scheme, when the AOJ addresses questions and issues respecting elements of the application for benefits not previously considered, the agency is again acting as the initial decision maker. An appeal may be initiated by the filing of an NOD in response to such an initial decision. And a new appellate ease results, which after decision by the BVA may be appealed to the CVA if the NOD filing was after November 18,1988.
Our decision in this case is therefore consistent with the statute and is not in conflict with our decision in Hamilton.

. As the Court of Veterans Appeals noted in West, generally in order for a veteran to state a case for disability benefits, the veteran must claim and prove in the application for benefits (1) the veteran’s status, (2) existence of a disability, (3) service connection of that disability, (4) degree of disability, and (5) the effective date. West, 7 Vet.App. at 333. Thus, the evaluation of an application for benefits requires the determination of a number of different issues or elements.